# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 3:94CR00027 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| JOHNNY MACK BROWN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for United States; Johnny Mack Brown, Pro Se Defendant.*

Defendant Johnny Mack Brown, a federal inmate proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging the length of his confinement. Specifically, Brown asserts that he is entitled to a reduction in sentence under 18 U.S.C. § 3582(c) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that a fact which increases mandatory minimum sentence must be submitted to jury). Because Brown challenges the validity of his criminal sentence, rather than asserting facts in

support of any reduction authorized under § 3582(c),[1] I construe his pleading as a § 2255 motion and summarily deny it as successive.[2]

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that in May of 1999, Brown filed a § 2255 motion regarding the same conviction and sentence, which the court denied. *Brown v. United States*, Case No. 7:99-CV-346, CRIM.A. 3:94-CR-027, 2000 WL 34537870 (W.D. Va. June 16, 2000), *appeal dismissed*, 51 F. App'x 419 (4th Cir. 2002) (unpublished), *cert. denied*, 539 U.S. 950 (2003). Because Brown offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss Brown's current action without prejudice. A separate Final Order will be entered herewith.

DATED: September 5, 2013

/s/ James P. Jones
United States District Judge

---

[1] Brown cites § 3582(c)(1)(B) and (c)(2) as authority for the reduction he seeks. Relief under these sections, however, requires that the reduction be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" or be based on a retroactive amendment to the sentencing guidelines. *Alleyne* did not recognize any statutory section or guideline change authorizing a sentence reduction under § 3582(c).

[2] Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.